IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-01114-RMR-KAS

RICHARD KINGSLAND,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn Starnella entered August 13, 2024, ECF No. 35, addressing Defendant's Motion for Partial Judgment on the Pleadings on Plaintiff's Claims Asserting Violation of Colo. Rev. Stat. § 10-3-1116 and Common-Law Bad Faith (the "Motion"), ECF No. 17. Magistrate Judge Starnella recommends that the Motion be granted and that Plaintiff's second and third Claims for Relief be dismissed without prejudice.

On August 27, 2024, Plaintiff filed a timely Objection to the Recommendation at ECF No. 37. Plaintiff then filed an Unopposed Motion to Review and Refile Plaintiff's Objections, ECF No. 38, which was denied by this Court, ECF No. 39. On September 11, 2024, Plaintiff filed a Notice of Withdrawal of Portions of Plaintiff's Objections to

1

Recommendation, withdrawing portions of the Plaintiff's Objections at ECF Nos. 40, 40-1.[1] Defendant filed a response to the modified objection at ECF No. 41.

The Court has considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court adopts in part and rejects in part the Recommendation, and Plaintiff's Objection is sustained in part and overruled in part.

## I.  LEGAL STANDARD

This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 626(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] The Court only considered ECF No. 40-1 (previously filed Objection with strikethroughs of the withdrawn portions) in its analysis.

## II. ANALYSIS

Plaintiff does not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiff asserts that Magistrate Judge Starnella made factual findings regarding the reasonableness of State Farm's claims handling. Defendant asserts the Magistrate Judge did not make such factual findings, but rather she correctly found Plaintiff failed to sufficiently set forth facts necessary to survive a motion pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff argues he has sufficiently pled factual allegations to state a claim for relief; Defendant disagree. Without conceding his Complaint is insufficient, Plaintiff asks for leave to amend his Complaint to address any deficiencies identified by the Court.

Based on a de novo review of the factual allegations, the Court agrees with Magistrate Judge Starnella's conclusion that, even taken as true, the factual assertions as currently stated are insufficient to fulfill the requirement of "unreasonableness." Magistrate Judge Starnella accurately identifies the common element in both statutory and common law bad faith claims: the plaintiff must show the insurer's conduct was unreasonable. *See, e.g.*, *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015) (*Fisher I*), *aff'd*, 419 P.3d 501, 506 (Colo. 2018) (*Fisher II*); *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012). She also sets forth the test for analyzing such claims. Under common law, the plaintiff "must prove that (1) the insurer acted unreasonably under the circumstances, and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Sanderson v. Am. Fam. Mut.*

3

*Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010) (citing *Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d 409, 415 (Colo. 2004)). By contrast, to prevail on a statutory claim, a plaintiff need only show that the "insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Fisher I*, 419 P.3d at 990 (quoting Colo. Rev. Stat. § 10-3-1115(2)).

Magistrate Judge Starnella recommends that Plaintiff's second and third claims be dismissed because Plaintiff "simply has not alleged facts which plausibly articulate unreasonableness." *Carraway v. State Farm Fire & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *6 (10th Cir. Aug. 22, 2023). Plaintiff's failure to allege facts supporting a finding of unreasonable conduct renders both claims subject to dismissal. In her Recommendation, Magistrate Judge Starnella highlights Plaintiff's failure to state specific facts supporting his allegation that Defendant's denial or delay of his benefits was unreasonable and that Defendant acted in bad faith. As specific examples of the lack of specific factual allegations, Magistrate Judge Starnella points out that there are no factual allegations about the nature or severity of Plaintiff's injuries or that Defendant failed to pay undisputed medical expenses. This Court agrees that the Complaint fails to allege "any facts suggesting that the Defendant acted in bad faith or with knowing or reckless disregard for the validity of Plaintiff's claim." *O'Rourke v. GEICO Cas. Co.*, No. 21-CV-00200-RMR-NYW, 2021 WL 7368174, at *2 (D. Colo. Dec. 8, 2021) (dismissing bad faith claims without prejudice).

The Court also agrees with Magistrate Judge Starnella's recommendation that the second and third claims for relief should be dismissed without prejudice. However,

dismissal without prejudice belies the recommendation to grant the Defendant's Motion for judgment on the same claims. The granting of partial judgment on the pleadings would end the inquiry and give Defendant judgment with regard to claims two and three. Dismissal without prejudice is not a judgment in and of itself. Therefore, the Court will not adopt the Recommendation to the extent it recommends granting judgment pursuant to Fed. R. Civ. P. 12(c). Ultimately, this begs the question as to whether Plaintiff should be allowed to amend his complaint As Defendant notes, this request is not properly before the Court at this time. Plaintiff has not moved for leave to amend under Fed. R. Civ. P. 15 or 16. Plaintiff merely raised the possibility of amendment in his response to Defendant's Motion and in his Objection, neither of which is the proper way to make such a request. *See CLVM LLC v. Handel*, No. 122CV00141RMRMEH, 2023 WL 3325278, at *10, *10 n.6 (D. Colo. Mar. 23, 2023), *appeal dismissed sub nom. CLVM LLC v. Van Handel*, No. 23-1154, 2023 WL 7424264 (10th Cir. June 28, 2023). The Court believes the better approach is to allow the Court to evaluate any such request, if properly made, to determine whether such a request would be "in the interest of a just, fair or early resolution of litigation." *Carraway*, 2023 WL 5374393, at *8. The Court would have to consider whether such a request is timely or if an amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).

Accordingly, the Court **ORDERS**:

5

1. Plaintiff's Objection to the Recommendation, ECF No. 40-1, is **SUSTAINED IN PART** and **OVERRULED IN PART**;

2. The Recommendation, ECF No. 35, is **ADOPTED IN PART and REJECTED IN PART.** To the extent the Recommendation recommends that the Court grant partial judgment on the pleadings for claims two and three of the Complaint, the Recommendation is **REJECTED**;

3. Defendant's Motion for Partial Judgment on Pleadings on Plaintiff's Claims Asserting Violation of Colo. Rev. Stat. § 10-3-1116 and Common-Law Bad Faith, ECF No. 17, is **GRANTED IN PART** and **DENIED IN PART.** To the extent the Motion requests partial judgment on the pleadings for claims two and three of the Complaint, the Motion is **DENIED**; and

4. Plaintiff's second and third Claims for Relief are **DISMISSED WITHOUT PREJUDICE**.

DATED:  September 27, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge